**WALDMAN–ROSS GRAIN CO. v. DAVISON & CO. (No. 8311.)**

(Court of Civil Appeals of Texas. Galveston. March 12, 1923. Rehearing Denied April 12, 1923.)

Garnishment ⬥250—Damages for wrongful garnishment may be set off against plaintiff's cause of action; "arising out of, incident to, or connected with plaintiff's cause of action."

A plea in reconvention for damages for wrongfully procuring a writ of garnishment in aid of plaintiff's suit is a counterclaim founded on a cause of action "arising out of, incident to, or connected with plaintiff's cause of action," within Rev. St. art. 1330, recognizing defendant's right to plead such counterclaim in set-off.

Appeal from Galveston County Court; E. B. Holman, Judge.

Action by Davison & Co. against the Waldman-Ross Grain Company, with Hutchings, Sealy & Co. as garnishee. Judgment for plaintiff, and defendant Grain Company appeals. Reversed and remanded.

H. H. Cooper, of Houston, for appellant. Geo. Q. McCracken, of Galveston, for appellee.

GRAVES, J. In this cause the appellee sued appellant upon a sworn account for an aggregate sum of $875.83, alleged to be due for different bills of goods sold, at the time suing out an ancillary writ of garnishment against the banking firm of Hutchings, Sealy & Co. based on a verified averment to the effect that appellant did not within appellee's knowledge have property subject to execution within this state sufficient to satisfy plaintiff's demand.

Among other answering matters, the appellant filed a plea in reconvention, charging in detail that the garnishment had been wrongfully, maliciously, and illegally sued out with the intent to injure it, and that it had in consequence suffered certain specified damages, for which it asked judgment against appellee. Over the protest of appellant, the court sustained the following special exception interposed by the appellee to this cross-action for damages and dismissed the same:

"Specially excepting to defendant's said cross-action, plaintiff says that the same is insufficient in law for it to have and maintain the same as against this plaintiff, for the reason that defendant is attempting to set up and recover upon an alleged unliquidated demand as against the liquidated demand of plaintiff. Wherefore he prays the judgment of the court."

This was clear error. Our statute (R. S. art. 1330) specifically recognizes the right of defendant to plead in set-off any counterclaim founded on a cause of action arising out of, incident to, or connected with the plaintiff's cause of action. That a plea in reconvention for damages resulting from the wrongful procurement of a writ of garnishment by the plaintiff in aid of his suit against the defendant is such a counterclaim, and may be so set off, is too plain for argument or citation of authority.

The other matters presented in the briefs will probably not arise upon another trial. For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes